# SUPREME COURT

#### OF THE

## STATE OF NEW YORK.

---

## FOURTH JUDICIAL DEPARTMENT.

### GENERAL TERM, JANUARY, 1875.

---

### MALONE v. HATHAWAY.

*Negligence — master and servant.*

In an action to recover for the death of an employee of defendant, caused by the fall of a mash-tub in consequence of the timbers which supported it having become rotten from continued dampness, it was shown that the condition of the timbers could have been discovered by striking or boring into them. It appeared that defendant employed a competent carpenter who had charge of the repairs of the brewery. *Held*, (1) that the continued dampness was sufficient notice of the necessity of watchfulness, and an omission by defendant or his mechanics to test the condition of the timbers was negligence, and (2) that the employment of a competent mechanic did not relieve defendant from liability. He was bound to see that the mechanic did his duty.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought by Anne Malone, administratrix, etc., of Thomas Malone, deceased, against Henry B. Hathaway, surviving partner of the firm of Bevier & Co., to recover damages for the

death of intestate, which was caused by the falling of a mash-tub in the brewery of said firm, where he was then employed. The accident was shown to have been caused by a rotten post and timbers supporting the floor upon which the mash-tub was placed. There was at the time a large quantity of mash on the floor. The evidence showed that the rottenness of the timbers which was caused by the continual dampness which resulted from the character of the material placed on the floor above, could have been discovered at any time by striking or boring into the timbers, but that for a year before the accident no test had been made of the condition of the timbers.

It was shown on the part of defendant that the firm kept a competent carpenter, whose duty it was to keep the building in repair, also a head brewer who had charge of the building with the carpenter; that they were instructed to keep the building safe, that the firm, neither of whom were practical brewers or carpenters, supposed it was so. It was shown that the carpenter had before the accident notice that the mash-tub was liable to fall unless repairs were made. At the trial the court charged the jury that it was the duty of the master to see that the employee was not exposed to unreasonable risks, and that he was bound to furnish a safe and secure building, and that defendant was responsible for the neglect of the carpenter, and that the question was whether the carpenter failed to exercise reasonable prudence in not examining the timbers.

The case on a former appeal is reported 2 N. Y. Sup. 664.

*H. R. Selden* and *J. C. Cochrane*, for appellant, cited *De Graff* v. *N. Y. C. & H. R. R. R. Co.*, 3 N. Y. Sup. 255; *Unger* v. *Forty-second Street, etc., R. R. Co.*, 51 N. Y. 497; *Warner* v. *Erie Railway Co.*, 39 id. 468; *Wilson* v. *Merry*, L. R., 1 Scotch & Div. App. 326; *Wright* v. *N. Y. C. R. R. Co.* 25 N. Y., 562; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521; *Gallagher* v. *Piper*, 16 C. B. (N. S.) 669; *Frazier* v. *Pennsylvania R. R. Co.*, 38 Penn. St. 104; *Moran* v. *N. Y. C. & H. R. R. R. Co.*, 3 N. Y. Sup. 770.

*James Breck Perkins*, for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and TALCOTT, JJ.

MULLIN, P. J.   All the questions of any importance presented by this appeal were disposed of by this court when the case was before us on a former occasion.   On the second trial the judge merely gave effect to the views of this court as stated in the opinion of TALCOTT, J.   We then held, and we have found no reason for changing our opinion, that the defendant did not discharge their whole duty to the men employed by them, by employing competent mechanics to keep the brewery in repair.   They were bound to see that the mechanics so employed performed their duty.

The mash-tub fell because the timbers that supported it were rotten, and this rottenness was caused by the water lying on the timbers under the tub.

This continued dampness of the floor was sufficient notice of the necessity of constant watchfulness to guard against the rotting of the timber, and to call upon them to examine from time to time the condition of the timber, and if it was necessary to bore into the timbers to ascertain accurately their condition, it was the duty of the defendant or his mechanic to do it, and it was negligence to omit it.

It would be a reproach upon the administration of justice if defendant could escape responsibility for such criminal carelessness as the proof discloses in this case.

The judgment must be affirmed.

E. DARWIN SMITH, dissenting.   Several of the exceptions taken by the defendant's counsel to the charge of the circuit judge, and to his refusal to charge as requested, I think were well taken.   The charge confounds the negligence of the defendant with that of Bagley, the mechanic, employed by them to keep the building in repair, and makes the defendant practically liable as an *insurer* to all the workmen employed in said building, as against all injuries they may, or any of them might, receive in the course of his employment, in consequence of any defections of said building, tools, or in the apparatus and machinery used therein, or from the negligence of any fellow-servant.   This, I think, is in conflict with the rule as generally held, and asserted in respect to the duty of the master to his servants.   The master is only bound to exercise *ordinary care* not to expose his servants to unreasonable risks.   The rule is well stated in the case of *Gilman* v. *Eastern R. R. Co.*, 10 Allen, 238, as follows : "It is quite well settled, both in England

and America, that a master is bound to use ordinary care in providing his structures and engines, and in selecting his servants, and is liable to any of their fellow-servants for his negligence in this regard." Whether the defendant, as master in this case, had exercised this ordinary care, was a question of fact, and not of law, and it was error in the circuit judge, I think, to hold, that when an employer devolves the duty of keeping a building in repair, upon another, he does so at the risk of being responsible himself, that the duty shall be performed by the other.

This ruling stripped the defendant of all protection from the rule that they were only bound to exercise ordinary care for the safety of his servants, and is in conflict, I think, with the rule as settled in *Warner* v. *Erie Railway Co.*, 39 N. Y. 468. In that case it was held, that when the master exercised due care in the employment of skillful and competent persons to perform the service required in taking care of any structure, he is not liable to damages to an employee, resulting from the negligence of such co-employee, unless there has been *actual* notice to the master, or knowledge on his part that defects existed in the structure, which, unless removed, would be liable to produce fatal consequences. Page 473. "Personal negligence is the gist of the action." *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562, per ALLEN, J. When the negligence imputed is that of an agent, or fellow-servant of a common master, the master has been held liable only in the latter cases on the ground of *notice* to him, or to some superior agent acting in his place as master, of the incompetency or unfitness of the person employed, who caused the injury. Such was the case in *Brickner* v. *N. Y. Cent. R. R. Co.*, 2 Lans. 506; and in *Laning* v. *N. Y. Cent. R. R. Co.*, 49 N. Y. 521; and in *Chapman* v. *Erie Ry. Co.*, 1 N. Y. Sup. 526. This latter case has since been reversed, but not upon any ground considered or discussed in this court, and is, *in fact*, affirmed upon the point on which it was decided in this court. 55 N. Y. 579.

This case was put to the jury on the ground that the plaintiff was entitled to recover if Bagley, the mechanic employed by defendant to take care of said building, was guilty of negligence, and not upon the ground that such recovery could only be had upon a finding, as matter of fact, that the defendant was guilty of negligence. The negligence of Bagley, a fellow-servant of the deceased, was treated as the negligence of the defendant. No personal

negligence was charged or imputed to the defendant, either in the employment of Bagley, or otherwise, and the cause was tried and submitted to the jury upon an erroneous issue.

If a recovery in damages can be had by an employee against a master in a case like this, where the master, not being himself a mechanic, employs an experienced and well-reputed mechanic to erect or supervise and repair his building, and is guilty of no personal negligence in that, or in any other, respect, then not a manufacturer in the State, obliged to employ many workmen, can safely continue his business. He will do so at the peril of being overwhelmed with lawsuits, resulting from injuries received by some of his employees, in consequence of the neglect, or want of skill, of his master-builder or mechanic, or chief engineer, in charge of his steam engine and machinery, when he has done his best to employ skillful and competent persons, in charge of every department of labor, in his manufactory.

*Judgment affirmed.*